# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

STACY JONES,
ADC #108515                                                             PLAINTIFF

VS.                        CASE NO. 5:17-CV-00064-BD

JOE PAGE, et al.                                                        DEFENDANTS

## <u>ORDER</u>

Plaintiff Stacy Jones, an inmate now incarcerated at the Milwaukee County House

of Correction, filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983,

while he was incarcerated in the Arkansas Department of Correction (ADC). (Docket

entry #2) Mr. Jones claims that ADC officials violated his rights by preventing him from

filing a request for the prompt disposition of criminal charges lodged against him in the

State of Wisconsin. (#2, #9) Defendants have now moved to dismiss based on failure to

state a federal claim for relief. (#11) Mr. Jones has not responded, and the time for doing

so has passed.

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a

complaint that fails to state a claim upon which relief can be granted. In deciding whether

a plaintiff has stated a claim, the Court must determine whether the plaintiff has pleaded

facts with enough specificity "to raise a right to relief above the speculative level." *Bell

Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint

cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set

of undisclosed facts' to support recovery." *Id*. at 561 (citation omitted). Rather, the facts

set forth in the complaint must be sufficient to "nudge [the] claims across the line from conceivable to plausible." *Id*. at 570.

According to the complaint, in November of 2016, Mr. Jones was serving a sentence in the ADC after his parole was revoked. The Arkansas Parole Commission granted him parole again on November 4, 2016, although he was not scheduled for immediate release.[1] (#2)

While he was still in ADC custody, Mr. Jones was served with a copy of a detainer from the State of Wisconsin. (#2) Mr. Jones alleges that he submitted a written request to Warden Page and Ms. Polk to facilitate a Request for Disposition of pending criminal charges in Wisconsin.[2] (#2, #9) According to Mr. Jones, "I wanted the Judge and District Attorney [in Wisconsin] to receive and acknowledge my request for final disposition so while I'm sitting here [in ADC custody] my time could count toward a speedy trial." (#9)

In January of 2017, ADC staff informed Mr. Jones that, because he had been granted parole, there was not enough time to process the paper work required for a temporary return to Wisconsin for a trial there. (#2 at 12) Mr. Jones was returned to the State of Wisconsin on March 8, 2017, 124 days after his initial request to Defendants for

---

[1] Defendants included documents from Mr. Jones's criminal case that led to his parole revocation. (#11-1) On December 5, 2016, Mr. Jones pleaded guilty to a class C felony of theft of property and was sentenced to serve 36 months in the ADC, with 189 days credit allowed for time served. (#11-1)

[2] It is not clear from the record when Mr. Jones first requested the Defendants' help in processing his Request for Disposition. Construing the complaint in a light most favorable to Mr. Jones for purposes of the motion to dismiss, the Court will assume that Mr. Jones made his initial request to Defendants on November 5, 2016.

effecting the Request for Disposition. (#9)

Under the Interstate Agreement on Detainers ("IAD"), if a prisoner requests a speedy disposition of criminal charges pending in another state, the jurisdiction filing the detainer must transport the prisoner for trial within 180 days of receiving the request. Otherwise, the court will dismiss the charges. 18 U.S.C. App, 2, § 2; see also *U.S. v. Daily*, 488 F.3d 796, 800-01 (8th Cir. 2007). Once a State has obtained a prisoner from the sister state, the receiving State must try the prisoner within 120 days of his or her arrival, and must not return the prisoner to his original place of imprisonment prior to trial. *Alabama v. Bozeman*, 533 U.S. 146, 151 (2001). This provision aims to protect a prisoner with outstanding detainers and to preserve a prisoner's ability to present an effective defense, receive a speedy trial, and participate in treatment and rehabilitation programs. *Cuyler v. Adams*, 449 U.S. 433, 449 (1981); *Rhodes v. Schoen*, 574 F.2d 968, 969 (8th Cir. 1978).

The IAD imposes obligations upon prison officials in the State holding the prisoner to facilitate the prisoner's request for disposition. The statute specifically requires the warden or other custodian to "promptly" notify all appropriate prosecuting officers and courts of the prisoners' request for final disposition. 18 U.S.C. App, 2, § 2, Art. III (b & d). A Request for Disposition cannot be effected without the assistance of the warden or custodian in the State where the prisoner is incarcerated.

IAD violations are cognizable under 42 U.S.C. § 1983. *Cuyler*, 449 U.S. at 449-50, but only in certain situations. *Rhodes*, 574 F.2d 970 (requiring merely general

compliance with IAD). A delay in forwarding a disposition request, however, does not give rise to a § 1983 cause of action as long as plaintiff was afforded his procedural due process guarantees, such as a pre-transfer hearing and a speedy trial. *Rhodes*, 574 F.2d at 970.

In this case, 124 days, at most, elapsed between Mr. Jones's request for assistance in processing his Request for Disposition and his return to Wisconsin. Even though the Defendants did not promptly send the Request for Disposition to Wisconsin officials, Mr. Jones was, in fact, returned to Wisconsin within 180 days of the date he received notice of the detainer. See Interstate Agreement on Detainers § 2, Art. III (a), 18 U.S.C. App. 2; *Bozeman*, 533 U.S. at 151.

Under the circumstances here, the Defendants' failure to abide by their obligations under IAD did not result in an abridgement of Mr. Jones's constitutional rights. *Rhodes*, 574 F.2d at 970 (requiring mere general compliance with IAD procedures); see also *Cole v. Winters*, 2007 WL 433260 (E.D. Mo. 2007) (holding that a 78-day delay between request for disposition and return to another state did not state a § 1983 claim).

Mr. Jones was returned to Wisconsin within a time period that adequately protected his right to a speedy trial in that State. Thus, Mr. Jones has failed to state a federal claim for relief. Accordingly, the Defendants' motion to dismiss (#11) is GRANTED.

IT IS SO ORDERED, this 20th day of October, 2017.

_____
UNITED STATES MAGISTRATE JUDGE